IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON MARTINEZ,

        Plaintiff,

v.                                                                       No. CV 14-451 RB/SCY

NANCY A. BERRYHILL, *Acting Commissioner of the Social Security Administration*,

        Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). Doc. 34. This matter was referred to me on May 9, 2017. Doc. 37. In the Motion, Plaintiff requests attorney's fees in the amount of $18,007.00. Defendant represents that because awards under Section 406(b) are paid from the claimant's benefits and not from agency funds, Defendant is not an interested party to Plaintiff's Motion and accordingly takes no position on the requested relief. After reviewing Plaintiff's Motion and otherwise being fully advised in the premises, I recommend finding that Plaintiff's Motion is well-taken and should be GRANTED.

Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of his application for Social Security disability benefits. Doc. 1. On September 9, 2015, I recommended that Plaintiff's Motion to Reverse and Remand be granted. Doc. 28. On September 29, 2015, United States District Judge Robert C. Brack agreed with my recommendation and entered an Order granting Plaintiff's Motion. Doc. 29. Pursuant to a subsequent stipulation by

the parties, Judge Brack awarded Plaintiff $6,700 in attorney's fees under the EAJA, 28 U.S.C. § 2412(d).

On remand, the Social Security Administration found Plaintiff to be disabled and awarded past-due benefits in the amount of $96,028.00. Doc. 34-2. The Social Security Administration advised Plaintiff that it was withholding $24,007.00 from his past-due benefits to pay for attorney's fees in the event Plaintiff's counsel were to bring a claim for attorney's fees pursuant to the retainer agreement. Doc. 34-2. Plaintiff's counsel now seeks authorization from this Court for an award of compensation for legal services in the amount of $18,007.00.

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex re. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands…a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25% of the past-due benefits because there is no presumption that 25% is reasonable. *Id.* at 807 n. 17.

Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, I recommend finding that the legal representation by Plaintiff's counsel was more than adequate and that a fully favorable decision was obtained. Further, I recommend finding that Plaintiff's counsel did not delay proceedings before this Court and that the present Motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits. The requested fees are furthermore below the twenty-five percent permitted by the retainer agreement and proportionate given the amount of time (38.85 hours) spent on the case. This computes to approximately $463.00 per hour attorney fee rate and is accordingly consistent with other fee awards authorized in this District under § 406(b). *See Marquez v. Astrue*, Civ. 10-1165, Doc. 30) (D.N.M. August 29. 2012) (awarding $10,105 for 18.9 hours, or $529.00 per hour); *Dimas v. Astrue*, Civ. No. 03-1157, Doc. 34 (D.N.M. December 18, 2007) (awarding $17,000 for 38.26 hours or $444.23.00 per hour).

Based on the foregoing, I recommend finding that the requested award of $18,007.00 is both appropriate and reasonable. I therefore recommend GRANTING Plaintiff's Motion (Doc. 37).

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**